UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
JAMES J. VILT, JR. - CLERK
FEB 23 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

**ASHTON CLAY NALLY**

INDICTMENT

NO. 3:21CR15-BJB

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(d)
18 U.S.C. § 924(j)
18 U.S.C. § 2119(3)
18 U.S.C. § 3591
28 U.S.C. § 2461

The Grand Jury charges:

COUNT 1
(*Carjacking resulting in Death*)

On or about November 23, 2020, in the Western District of Kentucky, Jefferson County, the defendant, **ASHTON CLAY NALLY**, with the intent to cause death and serious bodily harm, did take and attempt to take from the person and presence of H. N., by force and violence, and by intimidation, a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, that is, a white 2016 Mazda CX-5, bearing Florida Registration 72DCE, Vehicle Identification Number #JM3KE2DY5G0910587, resulting in the death of H. N.

In violation of Title 18, United States Code, Section 2119 (3).

The Grand Jury further charges:

COUNT 2
(*Use, Possession and Discharge of a Firearm During, and in Relation to, a crime of violence, resulting in Murder*)

On or about November 23, 2020, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **ASHTON CLAY NALLY**, knowingly used, carried and discharged a

firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, carjacking, as charged in Count 1 of this Indictment in violation of Title 18, United States Code, Section 2119 (3); and in so doing, he caused the death of a person, H. N., through the use of the firearm in such a manner as to constitute murder, as defined by Title 18, United States Code, Section 1111, in that the defendant did unlawfully kill the victim with malice aforethought.

In violation of Title 18, United States Code, Section 924(c)(1)(A) and 924(j)(1).

## NOTICE OF SPECIAL FINDINGS PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3591

The Grand Jury further finds:

The allegations set forth in Counts 1 and 2 are realleged as if set forth fully herein.

1. **ASHTON CLAY NALLY** was 18 years of age or older at the time of the offense;

2. **ASHTON CLAY NALLY** intentionally killed H. N. (18 U.S.C. § 3591 (a) (2) (A));

3. **ASHTON CLAY NALLY** intentionally inflicted serious bodily injury that resulted in the death of H. N. (18 U.S.C. § 3591 (a) (2) (B));

4. **ASHTON CLAY NALLY** intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and H. N. died as a direct result of the act (18 U.S.C. § 3591 (a) (2) (C)), and;

5. **ASHTON CLAY NALLY** intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and H. N. died as a result of the act (18 U.S.C. § 3591 (a) (2) (D)).

## NOTICE OF FORFEITURE

As a result of committing offenses in Counts 1 and 2, as alleged in this Indictment, felonies punishable by imprisonment for more than one year, the defendant, **ASHTON CLAY NALLY**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offenses.

A TRUE BILL.

_____
FOREPERSON

_____
MICHAEL A. BENNETT
ACTING UNITED STATES ATTORNEY

MAB:twd:02/16/21

UNITED STATES OF AMERICA v. **ASHTON CLAY NALLY**
## PENALTIES

Count 1: NM 15 yrs./$250,000/both/NM 3 yrs. Supervised Release
   (If serious bodily injury results: NM 25 yrs./$250,000/both/NM 3 yrs. Supervised Release)
   (If death results: Any term of years, Life, or Death/$250,000/NM 5 yrs. Supervised Release)
Count 2: NL 10 yrs./NM Life consecutive/$250,000/both/NM 5 yrs. Supervised Release
   (If death results: Any term of years, Life, or Death/$250,000/NM 5 yrs. Supervised Release)

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**<u>Failure to pay fine as ordered may subject you to the following</u>**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    <u>For offenses occurring after December 12, 1987</u>:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.